**Carl BIENVENU, Petitioner,**

v.

**TEXACO, INC; Director, Office of Worker's Compensation Programs, U.S. Department of Labor; Insurance Company of North America, Respondents.**

No. 96–60625.

United States Court of Appeals, Fifth Circuit.

Sept. 29, 1997.

David Bruce Allen, Samanie, Barnes & Allen, Houma, LA, for Petitioner.

Wayne G. Zeringue, Jr., Michael L. Dubos, Jones, Walker, Waechter, Poitevent, Carrere & Denegre, John D. Fitzmorris, Jr., New Orleans, LA, for Texaco, Inc. and Insurance Co. of North America, Respondents.

Michael Scott Hertzig, Thomas O. Shepherd, Jr., Clerk, Benefits Review Board, Carol DeDeo, Assoc. Solicitor, U.S. Department of Labor, Dir., Office of Workers Comp. Programs, Washington, DC, for Director, Office of Worker's Comp. Programs, U.S. Dept. of Labor, Respondent.

Before POLITZ, Chief Judge, and HIGGINBOTHAM and SMITH, Circuit Judges.

HIGGINBOTHAM, Circuit Judge:

Carl F. Bienvenu petitions for review of the decision of the ALJ affirmed by the Benefits Review Board denying him relief under the Longshore and Harbor Workers' Compensation Act, 33 U.S.C. § 901, *et seq.* The petition requires that we again repair to our troubled efforts to define maritime employment. We REVERSE and REMAND.

### I.

Bienvenu worked for Texaco, Inc. in the Caillou Island production field as a pumper specialist. The Caillou Island production field is a five mile by twelve mile area located within three miles of the Louisiana coast and contains approximately 150 to 175 active

fixed production platforms. Bienvenu was responsible for maintaining and calibrating automated equipment located on fixed production platforms. Bienvenu rode a vessel, the MISS JACKIE, to the platforms where he worked. The ALJ found that during an average twelve hour work day, Bienvenu spent approximately 75% of his time performing his duties while physically located on a fixed production platform; 16.7% of his time in transit as a passenger on the MISS JACKIE; and 8.3% of his time working on equipment on the back of the MISS JACKIE.

■ Bienvenu was injured twice during the course of his employment while on board the MISS JACKIE in navigable waters. The first time was while moving his tool box from the dock to the boat and the second time was while tying the MISS JACKIE to the dock. These injuries forced him to stop working.

Bienvenu claimed benefits under the LHWCA. An ALJ denied Bienvenu relief on the grounds that the LHWCA did not apply to him since he was not engaged in "maritime employment." Bienvenu timely appealed the ALJ's decision to the Benefits Review Board. The BRB failed to render a decision timely and was deemed to have affirmed the ALJ's ruling. Omnibus Consolidated Rescissions and Appropriations Act of 1996, Pub.L. No. 104–134, 110 Stat. 1321, § 219 (1996). Bienvenu petitioned for review and we have jurisdiction pursuant to 33 U.S.C. § 921(c).

## II.

■ "We review a decision of the Benefit [sic] Review Board under the same standard as it reviews the decision of the ALJ: Whether the decision is supported by substantial evidence and is in accordance with the law." *Empire United Stevedores v. Gatlin,* 936 F.2d 819, 822 (5th Cir.1991). Bienvenu passed the "situs" test for LHWCA coverage since he was on navigable waters when injured. *See* 33 U.S.C. § 903(a). The only issue presented is whether he was engaged in "maritime employment." *See* 33 U.S.C. § 902(3). The ALJ held that Bienvenu was not a maritime employee. Due to recent precedent in our circuit, we must disagree.

This court recently interpreted *Fontenot v. AWI, Inc.,* 923 F.2d 1127 (5th Cir.1991), to hold that "workers injured while transiently or fortuitously upon actual navigable waters are covered by the LHWCA." *Randall v. Chevron,* 13 F.3d 888, 898 (5th Cir.1994), *cert. denied,* 513 U.S. 994, 115 S.Ct. 498, 130 L.Ed.2d 408 (1994). *Randall* concluded that it was bound by *Fontenot* to this view of maritime employment, despite a concurring opinion suggesting a different reading of *Fontenot. See Fontenot,* 923 F.2d at 1134 (Higginbotham, J., concurring). Regardless, *Randall* dictates that Bienvenu is entitled to seek benefits under the LHWCA. Bienvenu was on navigable waters acting within the scope of his employment each time he was injured. We are not persuaded that this test of maritime employment captures the commands of Supreme Court decisions. We must, however, follow *Randall* until it is changed by a decision of this court en banc or the United States Supreme Court, or by future amendments to the LHWCA.

The judgment of the BRB is REVERSED and we REMAND the case to that tribunal for proceedings not inconsistent with this opinion.